## WELLS v. THE STATE.

One dealing with an illiterate person, writing a promissory note for him to execute, inserting therein an amount larger than that stipulated for, falsely and fraudulently reading over the note as if it contained the true amount, signing the maker's name thereto at his request, and also the name of an attesting witness, the maker and the witness both subscribing with their mark, commits the offence of cheating and swindling, but does not commit the offence of forgery. Commonwealth v. Sankey, 22 Pa. St. 390. The court erred in not granting a new trial.    *Judgment reversed.*
August 1, 1892.

Criminal law. Forgery. Cheating and swindling. Before Judge MARTIN. Marion superior court. October term, 1891.

Indictment for forgery, charging that the defendant made and forged a certain note (setting it out) with intent to defraud the New Home Sewing Machine Company. The note as declared on and as introduced in evidence is dated February 23, 1891, is payable to the New Home Sewing Machine Company or order, is for $50, and is signed by Lazarus Smith (with his mark) and witnessed by J. T. Griffin and by the defendant. It re-

cites that it is given for a number 1090179 New Home sewing machine, and stipulates that this machine shall remain the property of the company until this note is fully paid. The defendant was an agent of the company. About the 1st of February, 1891, he traded to one Brown a New Home sewing machine number 1090-179, for an old Wheeler & Wilson sewing machine and $20, and afterwards sold to Lazarus Smith the Wheeler & Wilson machine at an agreed price of $25, taking from Smith, at the time of the sale, either the note above mentioned, or a note for $25. Smith could not read or write, and with his consent the defendant wrote the signature, Smith making his mark. Griffin was present, and defendant asked him to witness the signature, and he, being also unable to read or write, requested the defendant to write his (Griffin's) name, which defendant did. The general agent of the company testified that the company never has the same number on any two machines; that the defendant's duty "was to take the first payment or the whole amount and return it to the company; his duty also was to take notes when he sold machines, and to collect the notes and return the money to the company; he could sell them for cash, or on instalments if he collected as much as ten or fifteen dollars down, and take notes for the balance; ten dollars was the smallest amount he was allowed to receive when he sold on instalments or note sale;  .  .  he had authority to exchange New Home machines for old ones in a trade at a fixed price, but he had no authority to sell an old machine and take New Home notes." According to the testimony of Smith and Griffin, they thought, at the time the note was signed, that it was a note for $25. The defendant told Smith that he was representing the New Home Company. In his statement the defendant says that this note is the same note he took from Lazarus Smith; that

he sold Brown a New Home sewing machine, "and he paid me twenty dollars, and I was entitled to $15 on the sale; I sold to Lazarus Smith the machine that I got from Mr. Brown; . . I sold it to him to make the payment."

After verdict of guilty, the defendant moved for a new trial on the grounds, among others, that the verdict was contrary to law and evidence, and that the court erred in charging the jury, that if Smith authorized the defendant to sign his name to a note for $25 for a Wheeler & Wilson machine, and he signed his name to a note for $50 for a New Home machine, and received no other authority than the authority given to sign his name to a $25 note, that would be a forgery; that if one who is authorized by another to sign his name to a note for a given amount, being thus constituted his agent for that purpose, signs his name to a note of a different amount than that authorized, it is a forgery.

THORNTON & McMICHAEL and GEORGE P. MUNRO, for plaintiff in error.

ALBERT A. CARSON, solicitor-general, *contra*.